# IN THE COURT OF APPEALS OF IOWA

No. 20-0835
Filed March 17, 2021

**IN THE MATTER OF E.R.,**
**Alleged to be Seriously Mentally Impaired,**

**E.R.,**
     Respondent-Appellant.
_____


Appeal from the Iowa District Court for Cherokee County, Andrew Smith,

District Associate Judge.


E.R. appeals from an order continuing involuntary medication. **AFFIRMED.**


Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant

Attorney General, for appellee State.


Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

E.R. appeals from the court's ruling denying his request to cease involuntarily-injected antipsychotic medications.

In general, we review involuntary commitment proceedings for the correction of errors at law. *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013).

Iowa Code section 229.23(2) (2020) provides that a hospitalized or detained patient can refuse medication unless it is necessary to preserve life or appropriately control behavior likely to result in physical injury. However, "[t]he patient's right to refuse treatment by chemotherapy[1] shall also not apply during any period of custody authorized by the court pursuant to section 229.13 or 229.14." Iowa Code § 229.23(2).

E.R. is subject to a custodial placement pursuant to chapter 229. He has been diagnosed with schizophrenia and delusional disorder, persecutory and grandiose type. He has previously been diagnosed with paraphilia, not otherwise specified (NOS); hebephiliac; and personality disorder, NOS with antisocial and narcissistic features. He was involuntarily committed to the Civil Commitment Unit for Sexual Offenders (CCUSO) on April 21, 2005.

In 2007, he received a felony charge for damage to CCUSO property and was displaying aggressive and violent behavior. Following a transfer to the Iowa Medical and Classification Center for competency rehabilitation, he returned to CCUSO in 2008. In 2009, an order permitting injections of medication was entered

---

[1] In this context, "'Chemotherapy' means treatment of an individual by use of a drug or substance which cannot legally be delivered or administered to the ultimate user without a physician's prescription or medical order." Iowa Code § 229.1(4)

based on E.R.'s refusal to take oral medications and the aggressive behavior he displayed. Since that time, he has received an intramuscular injection of antipsychotic drug every five weeks. Periodic medical reports have been submitted and the district court has entered orders continuing E.R.'s commitment and CCUSO's authority to "treat [E.R.] with injectable medications if necessary and he refuses to take oral medications." His aggressive behaviors have largely been controlled with injectable medications.

In May 2020, E.R. filed a pro se motion, which the court treated as a motion for a placement hearing. At the hearing, E.R. stated:

> I want looked at get completely off of that bug juice they're squirting into me—injecting into me. . . . It gives me headaches at least two times a week, and I lost my short-term memory because of the drug. And the drug makes me shake so bad I can't . . . write a letter or anything.

E.R. also complained that the medication "killed my—sterilized my sex drive."

Advanced Registered Nurse Practitioner (ARNP) Katie Cleveland submitted a May 10, 2020 Chief Medical Officer's Report of Psychiatric Evaluation pursuant to Iowa Code section 229.14 in which she noted that prior to E.R.'s motion "there is no documentation of [E.R.] reporting these symptoms to staff, no side effects witnessed, and no additional medications were prescribed. In this ARNP's note one month prior, he denied any side effects other than existing tremors from the long term use of antipsychotic medications." The report indicates:

> Off medications, when [E.R.'s] delusional system is disrupted, he can be expected to react in a highly violent manner, whether it be directed at staff or state property. [E.R.] has in the past, consistently had dangerous contraband hidden in his room including a stash of [thirty-seven] razors at one time. It is notable that there have been no violent outbursts since monthly injections were initiated.

ARNP Cleveland testified E.R. has schizophrenia, requires medications, and his last acts of violence and aggression occurred prior to commencement of the injections. She also testified E.R.'s complaints of side effects were not consistent with expected side effects of the medication, except the shakiness, which she confirmed was a side effect of the long-term use of antipsychotic medication. She testified the benefit of the medication outweighed the side effects, but she could discuss alternative medications with E.R.

The district court found E.R. remains seriously mentally impaired and the order for inpatient treatment should remain in effect. The court found: "In light of [E.R.'s] behaviors prior to the commencement of injections, [his] continued paranoid and delusional thinking, refusal to take oral medications, and displays of anger and threats to other residents, . . . medication is necessary to prevent harm to others." Consequently, the court ruled E.R. "does not have the right under Iowa Code section 229.23 to refuse chemotherapy."

E.R. appeals, asserting the order of involuntary medication violates his constitutional rights. No claim was made below concerning a violation of federal or state constitutional rights. Because no such claim was raised and ruled on in the district court, it is not preserved for our review.[2] *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for

---

[2] In any event, we have previously rejected the claim of an involuntarily-committed person that forced medication violates due process rights. *See In re K.H.*, No. 15-1983, 2016 WL 3276950, at *3–4 (Iowa Ct. App. June 15, 2016).

appeal.").  Because E.R. makes no other challenge to the ruling that he remains seriously mentally impaired, we affirm.

**AFFIRMED.**